McCann, J.
INTRODUCTION
The plaintiff, Kempton Pollard (Pollard), is represented by Arthur Goldstein, Esq., The Goldstein Law Office, 15 Hickory Drive, Worcester, Massachusetts 01609-1016. The defendant University of Massachu *160 setts Medical School (School) and defendant UMass Memorial Medical Center, Inc. (Center), are both represented by Richard C. Van Nostrand, Esq. and Marc L. Terry, Esq., Mirick, O’Connell, DeMallie & Lougee, LLP, 100 Front Street, Worcester, Massachusetts 01608-1477.
Pollard’s complaint is in the following three counts: (I) Declaratory Relief under c. 231 A; (II) Injunctive Relief; and (III) Relief under c. 12. §111 and 11J.
The pleadings reflect the following facts.
Pollard’s claims arise out of his employment as a mental health case worker at UMass Memorial. Pollard was an employee of School. He was employed by the University and was a member of a bargaining unit that is party to a Collective Bargaining Agreement. He performed his job duties under the terms of an Agreement for Employees Services between the School and Center. Pollard was leased to Center pursuant to an employee lease agreement between the defendants.
Center received information in October of 1999 that Pollard may have violated certain policies and practices regarding patient contact. An accusation was made that Pollard, as a mental health case worker, had improperly touched a mentally ill patient.
With that information, Center set up an investigatory interview. Center asked Pollard to meet with its representatives regarding the allegations against him. The purpose of the meeting was to determine whether or not to take disciplinary action against Pollard.
At the meeting, Pollard was advised that he had the right to have a union representative present. He elected not to have a union representative present and memorialized his decision in writing.
An investigatory interview is a meeting at which an employer seeks to elicit information from the employee. National Labor Relations Board vs. Weingarten, 420 U.S. 251 (1975). On November 11, 1999 Arthur Goldstein, Esq., as counsel for Pollard, sent a written demand that plaintiff had a right to counsel to be present during the internal investigation into the allegations against him. The basis of the claim was the claim by counsel that the allegations could result in criminal action being taken against Pollard. Center advised Pollard that he was not entitled to representation by a lawyer in the investigatory proceeding and proceeded with the interview of Pollard.
Plaintiff sought injunctive relief in the form of an order to compel Center to permit him to have counsel present during the remaining phases of the administrative disciplinary process. The Court denied Pollard's request for preliminary injunctive relief by an Order dated February 3, 2000.
The gravamen of the plaintiffs complaint is that he has a right to counsel at an investigatory interview because there is a possibility that his conduct could be the subject of criminal prosecution.
DISCUSSION
There is no question that Pollard is entitled to counsel in criminal prosecutions under the United States and Massachusetts Constitutions.
However, no such right is afforded by law in the employment context as presented in this case. The farthest the law has gone in the labor context has been to permit an employee to have a union representative to be present at an investigatory interview. National Labor Relations Board v. Weingarten, supra.
The source of this right flows from the labor relations context and not constitutional protection. The Weingarten case recognized the right to a union representative under §7 of the National Labor Relations Act which gives employees the right to engage in concerted activities with other employees for mutual aid or protection. Massachusetts Labor Relations Commission has adopted the general principles of the Weingarten case for public sector employees. Commonwealth of Massachusetts, 4 MLC 1415, 1416 (1977). There appears to be no decision from the Massachusetts Supreme Judicial Court nor the Massachusetts Court of Appeals which has addressed an employee’s right to counsel at an internal investigation.
However, the United States First Circuit Court of Appeals has. That court held in Downing v. LeBritton, 550 F.2d 689, 692 (1st Cir. 1977), that employees are not entitled to have an attorney present during an internal investigation. The court found no reason why an attorney would be preferable to a sympathetic and articulate fellow employee such as the union agent in helping the aggrieved employee to recall facts and to communicate his position. That court opined that by the insertion of counsel into an investigatory interview or termination proceeding would stimulate lawyer representation of the employer; would formalize hearings; would force hearings into an adversary mold; would cause a litigation chill on decisions to terminate; and would increase the likelihood that many other ordinary personnel actions would become cases celebres. Downing v. LeBritton, supra at 692.
Additionally, the National Labor Relations Board has consistently rejected the assertion that an employee is entitled to counsel at an investigatory interview. TCC Center Cos., Inc., 275 N.L.R.B. 604 (1985); Montgomery Ward Co., 269 N.L.R.B. 904 (1984); Consolidated Casinos Corp. , 266 N.L.R.B. 988 (1983).
The investigatory proceeding of Pollard by Center is not a criminal proceeding in any sense of the word. It is entirely labor related.
The Court rules that the plaintiffs complaint is without merit and should be dismissed.
ORDER
The Court ORDERS that Counts I, II and III shall be DISMISSED forthwith, with costs as maybe allowed by law.